## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FAUSTO T. MANZERA, as Special    )
Administrator of the Estate of    )
FAUSTO A. MANZERA, deceased, and    )
MARIA VALEZ, as Co-Special    )
Administrator of the Estate of FAUSTO A.    )
MANZERA, deceased.    )
    )
    Plaintiff,    )
    )    No.: 12 L 11017
    )
v.    )
    )
JOSEPH FRUGOLI, JOHN R. MORAN,    )
PRIMERO, INC., an Illinois    )
Corporation,  METROPOLITAN BANK    )
LAND TRUST 1463, and CITY OF    )
CHICAGO, a municipal    )
corporation,    )
    )
    Defendants.    )

### NOTICE OF FILING

**TO:**  All Attorneys of Record
    (*See* Attached Service List)

    PLEASE TAKE NOTICE that on this **12th** day of **July**, **2013,** we filed with the Circuit Court of Cook County, Illinois, County Department, Law Division, **Plaintiffs' Fourth Amended Complaint at Law,** a copy of which is attached hereto and served upon you.

                   *Cooney & Conway*
                Attorney for Plaintiff


Kevin J. Conway
COONEY AND CONWAY
120 North LaSalle, 30th Floor
Chicago, IL  60602
(312) 236-6166
Firm No. 90200

**Exhibit A, Page 2 of 22**

## CERTIFICATE OF SERVICE

I, Alison Heise, a non-attorney, after first being duly sworn upon oath, depose and state that I have served the foregoing Notice with all documents referenced therein, upon all attorneys of record, at above listed addresses by placing same in the U.S. Mail located at 120 North LaSalle Street, Chicago, Illinois before 5 p.m. with proper postage prepaid on this 12th day of July, 2013.

Alison Heise

## SERVICE LIST

*Manzera v. Frugoli   Court No.: 12 L 11017*

**Attorneys for Cazares**
Timothy Cavanagh
Benjeman L. Nichols
Matthew M. Rundio
CAVANAGH LAW GROUP
161 N. Clark Street
Suite 2070
Chicago, IL 60601
(312) 425-1900
(312) 425-1904 – fax

**Attorneys for Joseph Frugoli**
E. Angelo Spyratos
Pamela L. Pierro
MOMKUS MCCLUSKEY, LLC
221 North LaSalle St.
Suite 2050
Chicago, IL 60601
(312) 345-1955
(630) 434-0444 – fax
aspyratos@momlaw.com
ppierro@momlaw.com

**Attorneys for City of Chicago**
Stephen H. Glockner
Stephen R. Patton
Mary Elisabeth Ruether
30 N. LaSalle St.
Suite 800
Chicago, IL 60602
(312) 744-0420
(312) 744-1974 - fax
Paula (depositions) 312-744-2782

**Attorneys for Moran, Primero, Inc. and Metropolitan Bank Land Trust 1463**
Joseph D. Ackerman
MORSE BOLDUC & DINOS
25 East Washington St.
Suite 750
Chicago, IL 60602
(312) 251-2577
(312) 251- 0209 – Fax

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FAUSTO T. MANZERA, as Special )
Administrator of the Estate of )
FAUSTO A. MANZERA, deceased, and )
MARIA VALEZ, as Co-Special )
Administrator of the Estate of FAUSTO A. )
MANZERA, deceased. )
                                   )
     Plaintiff, )
                                    )     No.: 12 L 11017
                                    )
v. )
                                    )
JOSEPH FRUGOLI, JOHN R. MORAN, )
PRIMERO, INC., an Illinois )
Corporation, METROPOLITAN BANK )
LAND TRUST 1463, and CITY OF )
CHICAGO, a municipal )
corporation, )
                                    )
     Defendants. )

## FOURTH AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the

Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ as Co-Special Administrator of

the Estate of FAUSTO A. MANZERA, deceased, by and through their attorneys, COONEY AND

CONWAY, and complaining of Defendant JOSEPH FRUGOLI, alleges as follows:

1.   Plaintiffs FAUSTO T. MANZERA, as Special Administrator of the Estate of

FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate

of FAUSTO A. MANZERA, deceased, are adult residents of Cook County, Illinois. FAUSTO T.

MANZERA is the father of FAUSTO A. MANZERA and MARIA VALEZ is the mother of

FAUSTO A. MANZERA.

2.   On or about April 10, 2009, the Dan Ryan Expressway was a public way running in a

northerly and southerly direction at or near 18th Street in the City of Chicago, Illinois.

**Exhibit A, Page 5 of 22**

3.   At the aforesaid time and place, the Plaintiff's decedent, FAUSTO A. MANZERA, was a passenger in a stopped vehicle southbound on the Dan Ryan Expressway.

4.   At the aforesaid time and place, Defendant JOSEPH FRUGOLI, owned, operated, controlled, and maintained a vehicle travelling southbound on the Dan Ryan Expressway at or near 18th Street in the City of Chicago, Illinois.

5.   At all times herein referred to, it was the duty of Defendant, JOSEPH FRUGOLI, to exercise a reasonable degree of care and caution in the ownership, operation, management, maintenance and control of the said vehicle in order to avoid injury to others lawfully upon the Dan Ryan Expressway, including the Plaintiff's decedent, FAUSTO A. MANZERA.

6.   At the aforesaid time and place, Defendant JOSEPH FRUGOLI struck the rear of the vehicle in which Plaintiff's decedent, FAUSTO A. MANZERA, was a passenger.

7.   At the time and place aforesaid, notwithstanding his aforesaid duties, the Defendant, JOSEPH FRUGOLI, was then and there guilty of one or more of the following acts and/or omissions:

   a.   Carelessly and negligently driving under the influence of alcohol, other drug or drugs, intoxicating compound or compounds or any combination thereof, in violation of 625 ILCS 5/11-501 (2009);

   b.   Operated and controlled said vehicle at a rate of speed greater than was reasonable and proper, having regard for the traffic and the use of the way, contrary to and violation of 625 ILCS 5/11-601 (2009);

   c.   Carelessly and negligently followed another vehicle more closely than was reasonable and prudent, without due regard for the speed of such vehicles, contrary to and in violation of 625 ILCS 5/11-710 (2009);

   d.   Owned, operated, maintained and controlled said vehicle without having brakes adequate to control the movement of and to stop and hold said vehicle, contrary to and in violation of 625 ILCS 5/12-301 (2009);

   e.   Carelessly and negligently failed to exercise due care to give warning by sounding the horn, contrary to and in violation of 625 ILCS 5/12-601 (2009);

   f.   Carelessly and negligently failed to obey traffic laws, contrary to and in violation of 625 ILCS 5/11-202 (2009);

2

      g.     Failed to keep a safe and proper lookout so as to avoid striking the vehicle operated by Plaintiff

8.     As a direct and proximate result of this negligent misconduct of the Defendant, JOSEPH FRUGOLI, the Plaintiff's decedent sustained severe injuries, both internally and externally, of which he subsequently died.

9.  FAUSTO T. MANZERA, Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, bring this action pursuant to Section 2 of the Wrongful Death Act, 740 ILCS 180/1 et seq (2002).

10. FAUSTO T. MANZERA, Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, bring this action for the use and benefit of the only surviving next of kin of the decedent:

<u>Surviving Heirs:</u>

Fausto T. Manzera - Father
Maria Valez - Mother
Jacqueline Manzera - Adult Sister

11. By reason of the wrongful death of the Plaintiff's Decedent, the aforesaid next of kin have been caused to suffer the loss of valuable services of their son and brother, and have been deprived of the support, affection, society and companionship which the Deceased, FAUSTO A. MANZERA, was accustomed to give them.

WHEREFORE, the Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, ask for judgment against the Defendant, JOSEPH FRUGOLI, for a sum in excess of the jurisdictional amount plus costs of this action.

3

## COUNT II – SURVIVAL ACT

NOW COMES the Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, by and through their attorneys, COONEY & CONWAY, and complaining of the Defendant, JOSEPH FRUGOLI, alleges as follows:

1.   Plaintiffs FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, adopt and re-allege paragraphs 1-8 of Count I as paragraphs 1-8 of Count II as though fully set forth herein.

2.   FAUSTO T. MANZERA and MARIA VALEZ are the duly appointed Administrators of the Estate of FAUSTO A. MANZERA, deceased.

3.   Plaintiffs brings this action pursuant to the Illinois Survival Act, 755 ILCS § 5/27-6 (1992), for the property damage, disability, and physical and mental suffering of Plaintiffs' Decedent, FAUSTO A. MANZERA, following and as a result of the aforesaid wrongful acts and/or omissions of the Defendant for the period of time after FAUSTO A. MANZERA was struck and before he expired.

WHEREFORE, the Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the Estate of  FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, ask for a judgment against the Defendant, JOSEPH FRUGOLI, for a sum in excess of the jurisdictional amount plus costs of this action.

## COUNT III – DRAMSHOP ACT-- PRIMERO, INC., d/b/a DUGAN'S

NOW COMES the Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, by and through their attorneys, COONEY & CONWAY, and complaining of Defendants, PRIMERO, INC., d/b/a DUGAN'S, an Illinois

4

corporation, JOHN R. MORAN, and METROPOLITAN BANK LAND TRUST 1463 alleges as

follows:

    1.    On or about April 10, 2009 and at all times relevant hereto, Defendants,

PRIMERO, INC., JOHN R. MORAN, and METROPOLITAN BANK LAND TRUST 1463 owned,

operated, controlled, managed, and maintained, a tavern or liquor dispensing establishment located at

128 S. Halsted in the City of Chicago, County of Cook, State of Illinois, commonly known as

"Dugan's."

    2.    On or about April 10, 2009 and at all times relevant hereto, Defendant,

PRIMERO, INC., was engaged in the business of dispensing alcoholic liquor to the public by and

through their duly authorized agents, servants, and employees.

    3.    On or about April 10, 2009 and at all times relevant hereto, Defendant,

PRIMERO, INC., and its tavern or liquor dispensing establishment, DUGAN'S, by and through its

authorized agents and servants sold or gave alcoholic liquors to JOSEPH FRUGOLI which caused

his intoxication.

    4.    On or about April 10, 2009 and at all times relevant hereto, Defendant,

PRIMERO, INC., by and through its authorized agents and servants was aware that JOSEPH

FRUGOLI was intoxicated.

    5.    On or about April 10, 2009, JOSPEH FRUGOLI left Defendant, PRIMERO,

INC.'s tavern and operated a motor vehicle.

    6.    On or about April 10, 2009, the Dan Ryan Expressway was a public way running in

a northerly and southerly direction at or near 18th Street in the City of Chicago, Illinois.

    7.    On or about April 10, 2009, Defendant, JOSEPH FRUGOLI, operated and

controlled a vehicle travelling southbound on the Dan Ryan Expressway at or near 18th Street in the

City of Chicago, Illinois.

    8.    On or about April 10, 2009, the Plaintiffs' decedent, FAUSTO A. MANZERA,

was a passenger in a stopped vehicle southbound on the Dan Ryan Expressway

9.    On or about April 10, 2009, the vehicle operated by Defendant, JOSEPH

FRUGOLI, struck the rear of the vehicle in which FAUSTO A. MANZERA was a passenger.

10.    At the time and place aforesaid, JOSEPH FRUGOLI was intoxicated due to

alcohol served by agents, servants, and employees of Defendant, PRIMERO, INC., when he operated

his motor vehicle in such a manner to come into contact with the vehicle in which FAUSTO A.

MANZERA was a passenger.

11.    As a direct and proximate result of the aforesaid acts of Defendant, PRIMERO,

INC., the Plaintiff's decedent sustained severe injuries, both internally and externally, of which he

subsequently died.

12.    This action is brought pursuant to Section 235 ILCS 5/6-21 of the Illinois statutes,

commonly known as the Dram Shop Act.

WHEREFORE, Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of

the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator

of the Estate of FAUSTO A. MANZERA, deceased, pray that judgment be entered in their favor and

against Defendants, PRIMERO, INC., d/b/a DUGAN'S, an Illinois corporation, JOHN R. MORAN,

and METROPOLITAN BANK LAND TRUST 1463, in an amount in excess of the jurisdictional

amount of the Circuit Court of Cook County, Illinois, plus the costs of this lawsuit.

## COUNT IV – NEGLIGENCE
## CITY OF CHICAGO

NOW COME the Plaintiffs, FAUSTO T. MANZERA, as Special Administrator

of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special

Administrator of the Estate of FAUSTO A. MANZERA, deceased by and through their attorneys,

COONEY & CONWAY, and complaining of Defendant, CITY OF CHICAGO, a municipal

corporation, alleges as follows:

6

1.     At all times herein referred to, the Defendant, CITY OF CHICAGO, was, and still is a municipal corporation organized and existing under the laws of the State of Illinois.

2.     On or about April 10, 2009, the Defendant, CITY OF CHICAGO, employed Defendant, JOSEPH FRUGOLI as a police officer.

3.     At all times herein referred to, the Police Board Rules of Conduct of the Chicago Police Department were in full effect as of April 1, 2010.

4.     On or about April 10, 2009, the Defendant, JOSEPH FRUGOLI, was off-duty drinking alcoholic beverages and was intoxicated at DUGAN'S ON HALSTED and elsewhere, with other fellow off-duty Chicago police officers who aided in his off duty intoxication in violation of Police Board Rules of Conduct for Off Duty Policemen, Rules 1, 2, 3, and 15 and in the presence of on-duty police officers also in violation of said rules.

5.     On or about April 10, 2009, fellow off-duty police officers assisted JOSEPH FRUGOLI in becoming intoxicated in violation of above Rules 1, 2, 3, and 15.

6.     On or about April 10, 2009, fellow off-duty police officers assisted JOSEPH FRUGOLI in getting him into his vehicle after leaving DUGAN'S ON HALSTED which was a proximate cause of the wrongful death of FAUSTO A. MANZERA.

7.     On or about April 10, 2009, the Dan Ryan Expressway was a public way running in northerly and southerly direction at or near 18th Street in the City of Chicago, Illinois.

8.     On or about April 10, 2009, Defendant, JOSEPH FRUGOLI, after leaving DUGAN'S ON HALSTED, operated and controlled a vehicle traveling southbound on the Dan Ryan Expressway at or near 18th Street in the City of Chicago, Illinois.

9.     On or about April 10, 2009, the Plaintiff's decedent, FAUSTO A. MANZERA was a passenger in a stopped vehicle southbound on the Dan Ryan Expressway.

10.     On or about April 10, 2009, the vehicle operated by Defendant, JOSEPH FRUGOLI, struck the rear of the vehicle in which FAUSTO A. MANZERA was a passenger.

11.     At the time and place aforesaid, JOSEPH FRUGOLI was intoxicated while at DUGAN'S ON HALSTED and elsewhere and operated a motor vehicle subsequent to becoming intoxicated at the above locations.

12.     Prior to, and at the time and place aforesaid, Defendant, CITY OF CHICAGO, had a duty to refrain from aiding and abetting JOSEPH FRUGOLI in becoming intoxicated, getting into his car, and his negligent actions while off duty so as not to injure the Plaintiff's decedent, FAUSTO A. MANZERA.

13.     On January 16, 2005, Defendant, CITY OF CHICAGO, was on notice of rule violation and criminal conduct of Defendant JOSEPH FRUGOLI and had actual knowledge that Defendant, JOSEPH FRUGOLI, was involved in an auto accident where Chicago police investigators determined that the contributory causes to the accident were speeding and the consumption of alcohol.

14.     Following the auto accident on or about January 16, 2005, the Defendant, CITY OF CHICAGO, was put on notice that the Defendant, JOSEPH FRUGOLI, was intoxicated at the time of the auto accident.

15.     On or about January 27, 2008, Defendant, CITY OF CHICAGO, had actual knowledge that Defendant, JOSEPH FRUGOLI, failed to stop at stop sign, struck a Chicago police car, and injured an on duty Chicago police officer, damaging a Chicago police car and a Chicago light pole.

16.     Following the auto accident on or about January 27, 2008, the Defendant, CITY OF CHICAGO, was put on notice that Defendant, JOSEPH FRUGOLI, was intoxicated contrary to Police Rules and laws of the State of Illinois at the time of the auto accident.

17.     The Defendant, CITY OF CHICAGO, had actual knowledge that Defendant, JOSEPH FRUGOLI, had consumed alcohol and was intoxicated before both the January 2005 and January 2008 incidents.

18.     The Defendant, CITY OF CHICAGO, failed to follow Illinois Law and administer proper disciplinary action pursuant to the Rules of Conduct of the Chicago Police Department after acquiring actual knowledge that Defendant, JOSEPH FRUGOLI, had consumed alcohol before both the January 2005 and the January 2008 incidents.

19.     The Defendant, CITY OF CHICAGO, in failing to administer proper disciplinary action for driving under the influence of alcohol in both the January 2005 and January 2008 incidents, approved, encouraged, and promoted a continued pattern of Defendant JOSEPH FRUGOLI of driving under the influence of alcohol.

20.     At the time and place referred to, notwithstanding its aforesaid duty, the Defendant, CITY OF CHICAGO, was then and there guilty of one or more of the following wrongful acts and/or omissions:

a.      Defendant, CITY OF CHICAGO'S agents, encouraged, and aided FRUGOLI to drive under the influence while off duty when on-duty police officers covered up intoxication by giving FRUGOLI a pass on prior occasions.

b.      Carelessly and negligently approved, encouraged, and promoted Frugoli to drive a vehicle under the influence, in violation of statutes and the Rules of Conduct of the Chicago Police Department even though they had knowledge he endangered the public including the Plaintiff's decedent.  Defendant, CITY OF CHICAGO, assisted FRUGOLI in violating the following Rules of Conduct of The Chicago Police Department: Rule 1, which prohibits violation of any law or ordinance; Rule  2, which prohibits conduct which impedes the Department's efforts to achieve its policy and goals or brings discredit upon the department;

9

Rule 3, which prohibits any failure to promote the Department's efforts to implement its policy or accomplish its goals; and Rule 15, which prohibits intoxication on or off duty.

c.  Carelessly and negligently assisted the Defendant to enter his car after consuming alcoholic beverages and becoming intoxicated with fellow off duty police officers at DUGAN'S ON HALSTED and elsewhere when on-duty police officers and off-duty police officers were aware of the Defendant's propensity to drive under the influence.

d.  Carelessly and negligently encouraged and allowed Defendant, JOSEPH FRUGOLI, and other off duty police officers to engage in drinking alcohol and becoming intoxicated at Dugan's on Halsted and elsewhere, contrary to and in violation of Rules 1, 2, 3, 15 and 16 of the Rules of Conduct of the Chicago Police Department.

e.  Carelessly and negligently, on and before the date of the occurrence, approved, encouraged, and promoted FRUGOLI to drive his car while intoxicated and violate Rules 1, 2, 3, 15, and 16 of the Rules of Conduct of the Chicago Police Department.

f.  Carelessly and negligently failed to discipline, suspend, and/or terminate FRUGOLI and to revoke his driving privilege for off-duty driving under the influence of alcohol.

21.  As a direct and proximate result of the aforesaid wrongful acts and/or omissions of Defendant, CITY OF CHICAGO, the Plaintiff's decedent sustained severe injuries, both internally and externally, of which he subsequently died.

WHEREFORE, the Plaintiff, FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, prays that judgment be entered in his favor and against defendant CITY OF CHICAGO, a municipal corporation, in the amount in excess of the jurisdictional amount of the Circuit Court of Cook County, Illinois, plus the costs of this lawsuit.

## COUNT V – WILLFUL AND WANTON—CITY OF CHICAGO

NOW COME the Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased by and through their attorneys,

10

COONEY & CONWAY, and complaining of Defendant, CITY OF CHICAGO, a municipal corporation, alleges as follows:

1.  At all times herein referred to, the Defendant, CITY OF CHICAGO, was, and still is a municipal corporation organized and existing under the laws of the State of Illinois.

2.  On or about April 10, 2009, the Defendant, CITY OF CHICAGO, employed Joseph Frugoli as a police officer.

3.  On or about April 10, 2009, the Dan Ryan Expressway was a public way running in a northerly and southerly direction at or near 18th Street in the City of Chicago, Illinois.

4.  On or about April 10, 2009, Defendant, JOSEPH FRUGOLI, operated and controlled a vehicle travelling southbound on the Dan Ryan Expressway at or near 18th Street in the City of Chicago, Illinois.

5.  On or about April 10, 2009, the Plaintiff's decedent, FAUSTO A. MANZERA, was a passenger in a stopped vehicle southbound on the Dan Ryan Expressway

6.  On or about April 10, 2009, the vehicle operated by Defendant, JOSEPH FRUGOLI, struck the rear of the vehicle in which FAUSTO A. MANZERA was a passenger.

7.  At the time and place aforesaid, JOSPEH FRUGOLI was intoxicated and operated a motor vehicle.

8.  Prior to, and at the time and place aforesaid, Defendant, CITY OF CHICAGO, had a duty to refrain from willful and wanton misconduct in the supervision of its police officers, including off-duty police officers.

9.  On January 16, 2005, Defendant CITY OF CHICAGO knew that Defendant Frugoli was involved in an auto accident where Chicago police investigators determined that the contributory causes to the accident were speeding and consumption of alcohol by Frugoli. The defendant City of Chicago did not charge Defendant Frugoli and did not prosecute Defendant Frugoli with alcohol related driving violations because he was a Chicago policeman.

10.     On January 21, 2008, Defendant, CITY OF CHICAGO, knew that while on duty Defendant Frugoli negligently drove a police car off the roadway into a concrete barrier at 4800 S. Wells in the City of Chicago.

11.     On January 27, 2008, Defendant City of Chicago knew that Defendant Frugoli failed to stop at stop sign, struck a Chicago police car, and injured an on duty Chicago police officer, damaging a Chicago police car and a Chicago light pole.  Said accident was alcohol related, and Frugoli was "given a pass" by investigating officers and the Defendant City of Chicago because he was a policeman.

12.     On or before the date of occurrence the City of Chicago knowingly violated Chicago Police Department rules prohibiting intoxication by Frugoli by encouraging intoxication, failing to enforce its, rules, state statutes, and traffic safety rules of police officers applicable to Frugoli.

13.     At the time and place referred to, notwithstanding its aforesaid duty, the Defendant, CITY OF CHICAGO, was then and there guilty of one or more of the following wrongful acts and/or omissions:

   a.  Willfully and wantonly on and before the date of the occurrence Defendant, CITY OF CHICAGO, aided and abetted FRUGOLI to drive under the influence while off duty by "giving him a pass" when he was observed to be driving under the influence of alcohol.

   b.  Willfully and wantonly aided and abetted the Defendant's use of a car while intoxicated, in violation of statutes, police regulations, and safety rules which they knew he was violating and they knew he endangered the public including Plaintiff's decedent.

   c.  Willfully and wantonly failed to stop and to discipline Defendant FRUGOLI, a police officer for off-duty drunken driving on and prior to the date of the occurrence, when the City knew he was driving while intoxicated.

   d.  Willfully and wantonly aided and abetted Defendant FRUGOLI when on duty police officers and off duty police officers knew of excessive drinking of Defendant, FRUGOLI, and failed to stop him from drinking and driving on and before the date of the occurrence.

14.     As a direct and proximate result of the aforesaid wrongful acts and/or omissions of Defendant, CITY OF CHICAGO, the Plaintiff's decedent sustained severe injuries, both internally and externally, of which he subsequently died.

WHEREFORE, Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, pray that judgment be entered in their favor and against defendant CITY OF CHICAGO, a municipal corporation, in an amount in excess of the jurisdictional amount of the Circuit Court of Cook County, Illinois, plus the costs of this lawsuit.

### COUNT VI – 42 U.S.C. § 1983 - *MONELL* CLAIM
### CITY OF CHICAGO

NOW COME the Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased by and through their attorneys, COONEY & CONWAY, and complaining of Defendant, CITY OF CHICAGO, a municipal corporation, alleges as follows:

1.     At all times herein referred to, the Defendant, CITY OF CHICAGO, was, and still is a municipal corporation organized and existing under the laws of the State of Illinois.

2.     On or about April 10, 2009, the Defendant, CITY OF CHICAGO, employed Defendant, JOSEPH FRUGOLI as a police officer.

3.     At all times herein referred to, the Police Board Rules of Conduct of the Chicago Police Department were in full effect as of April 1, 2010.

4.     On or about April 10, 2009, the Dan Ryan Expressway was a public way running in northerly and southerly direction at or near 18th Street in the City of Chicago, Illinois.

5. On or about April 10, 2009, Defendant, JOSEPH FRUGOLI, after leaving DUGAN'S ON HALSTED, operated and controlled a vehicle traveling southbound on the Dan Ryan Expressway at or near 18th Street in the City of Chicago, Illinois.

6. On or about April 10, 2009, the Plaintiff's decedent, FAUSTO A. MANZERA was a passenger in a stopped vehicle southbound on the Dan Ryan Expressway.

7. On or about April 10, 2009, the vehicle operated by Defendant, JOSEPH FRUGOLI, struck the rear of the vehicle in which FAUSTO A. MANZERA was a passenger.

8. At the time and place aforesaid, JOSEPH FRUGOLI was intoxicated while at DUGAN'S ON HALSTED and elsewhere and operated a motor vehicle subsequent to becoming intoxicated.

9. Prior to, and at the time and place aforesaid, Defendant, CITY OF CHICAGO, had a duty to refrain from aiding and abetting JOSEPH FRUGOLI in becoming intoxicated, getting into his car, and his actions while off duty so as not to injure the Plaintiff's decedent, FAUSTO A. MANZERA.

10. Prior to, and at the time and place aforesaid, Defendant, CITY OF CHICAGO, had a duty to refrain from violating the constitutional rights of the Plaintiff, FAUSTO A. MANZERA, including his substantive due process right to be secure in his bodily integrity.

11. On January 16, 2005, Defendant, CITY OF CHICAGO, was on notice of the rule violation and criminal conduct of Defendant, JOSEPH FRUGOLI, and had actual knowledge that Defendant, JOSEPH FRUGOLI, was involved in an auto accident where Chicago police investigators determined that the contributory causes to the accident were speeding and the consumption of alcohol.

12.     Following the auto accident on or about January 16, 2005, the Defendant, CITY OF CHICAGO, was put on notice that the Defendant, JOSEPH FRUGOLI, was intoxicated at the time of the auto accident.

13.     On or about January 27, 2008, Defendant, CITY OF CHICAGO, had actual knowledge that Defendant, JOSEPH FRUGOLI, failed to stop at a stop sign, struck a Chicago police car, and injured an on duty Chicago police officer, damaging a Chicago police car and a Chicago light pole.

14.     Following the auto accident on or about January 27, 2008, the Defendant, CITY OF CHICAGO, was put on notice that Defendant, JOSEPH FRUGOLI, was intoxicated contrary to Police Rules and laws of the State of Illinois at the time of the auto accident.

15.     The Defendant, CITY OF CHICAGO, had actual knowledge that Defendant, JOSEPH FRUGOLI, had consumed alcohol and was intoxicated before both the January 2005 and January 2008 incidents.

16.     The Defendant, CITY OF CHICAGO, failed to follow Illinois Law and administer proper disciplinary action pursuant to the Rules of Conduct of the Chicago Police Department after acquiring actual knowledge that Defendant, JOSEPH FRUGOLI, had consumed alcohol before both the January 2005 and the January 2008 incidents.

17.     The Defendant, CITY OF CHICAGO, in failing to administer proper disciplinary action for driving under the influence of alcohol in both the January 2005 and January 2008 incidents, approved, encouraged, and promoted a continued pattern of Defendant, JOSEPH FRUGOLI, of driving under the influence of alcohol without fear of official consequence.

18.     At the time and place referred to, notwithstanding its aforesaid duty, the

Defendant, CITY OF CHICAGO, through its agents, was then and there guilty of one or more of

the following wrongful acts and/or omissions:

   a.   Defendant, CITY OF CHICAGO, encouraged, and aided FRUGOLI to drive
        under the influence while off duty when on-duty police officers covered up
        intoxication by giving FRUGOLI a pass on prior occasions.

   b.   Defendant, CITY OF CHICAGO, approved, encouraged, and promoted Frugoli
        to drive a vehicle under the influence, in violation of statutes and the Rules of
        Conduct of the Chicago Police Department even though they had knowledge he
        endangered the public including the Plaintiff's decedent.

   c.   Defendant, CITY OF CHICAGO, assisted FRUGOLI in violating the following
        Rules of Conduct of The Chicago Police Department: Rule 1, which prohibits
        violation of any law or ordinance; Rule 2, which prohibits conduct which
        impedes the Department's efforts to achieve its policy and goals or brings
        discredit upon the department; Rule 3, which prohibits any failure to promote the
        Department's efforts to implement its policy or accomplish its goals; and Rule 15,
        which prohibits intoxication on or off duty.

   d.   Defendant, CITY OF CHICAGO, failed to discipline, suspend, and/or terminate
        FRUGOLI and to revoke his driving privilege for off-duty driving under the
        influence of alcohol.

19. The wrongful acts and/or omissions of the Defendant, CITY OF CHICAGO, deprived

Plaintiff, FAUSTO A. MANZERA, of his constitutionally protected substantive due process right to

bodily integrity.

20. The wrongful acts and/or omissions of the Defendant, CITY OF CHICAGO, were done

pursuant to one or more of the following *de facto* policies, practices and/or customs of the CITY that

are so pervasive that they carry the force of law.

21. Specifically, the Defendant, CITY OF CHICAGO, has a *de facto* policy, practice and/or

custom of concealing and/or suppressing officer misconduct (both on duty and off duty

misconduct). The concealment and suppression of the existence of misconduct includes, but is not

limited to: failure to enforce regulations related to intoxication and operating a motor vehicle while

intoxicated; failure to sufficiently investigate allegations of misconduct, such as driving under the influence of alcohol; failure to initiate prompt disciplinary procedures related to the alleged misconduct, even when the allegation of misconduct is so obviously true; and failure to properly and sufficiently discipline an officer, even where the misconduct is evident.

22. Likewise, the Defendant, CITY OF CHICAGO, has a *de facto* policy, practice and/or custom of investigating complaints against off duty officers differently than complaints against other citizens. This "double standard" regarding allegations of misconduct against off-duty officers includes, but is not limited to: all of the above acts and/or omissions listed in paragraph 21 above; limiting charges against off-duty officers to misdemeanors, regardless of the severity or outrageousness of the alleged misconduct; suppressing felony review of charges against off-duty officers, regardless of the severity or outrageousness of the alleged misconduct; and, failure to enforce the laws of the State of Illinois, specifically related to the operation of a motor vehicle while intoxicated, against off-duty police officers.

23. Likewise, the Defendant, CITY OF CHICAGO, has a *de facto* policy, practice and/or custom of failing to enforce its own rules codified in the Rules of Conduct of the Chicago Police Department.

24. Likewise, the Defendant, CITY OF CHICAGO, has a *de facto* policy practice and/or custom of failing to properly monitor and/or supervise its police officers.

25. Finally, the Defendant, CITY OF CHICAGO, has a *de facto* policy, practice and/or custom of a "code of silence." This code is an implicit understanding between and among members of the Chicago Police Department resulting in a refusal or failure to report instances of misconduct of which they are aware, including violations related to intoxication, despite their obligation to do so as sworn peace officers. This includes police officers who remain silent or give false or misleading information during official investigations into allegations of a fellow officer related to misconduct

that occurred on duty or off duty in order to protect themselves or their fellow officers from discipline, criminal prosecution or civil liability.

26. Individually and collectively, the above described *de facto* policies, practices and/or customs of the defendant CITY OF CHICAGO, proximately result in the culture and endemic attitude among members of the Chicago Police Department, including the Defendant, JOSEPH FRUGOLI, that they may engage in misconduct without fear of official consequence; they consider themselves "above the law."

27. The aforementioned *de facto* policies, practices and/or customs of the Defendant, CITY OF CHICAGO, individually and collectively, have been maintained and/or implemented with utter indifference by the CITY and has or have encouraged and/or motivated the Defendant, FRUGOLI, to commit the aforesaid wrongful acts against the Plaintiffs, and therefore acted as the direct and proximate cause of the injuries sustained by the Plaintiffs.

28. The above acts / omissions of the Defendant, CITY OF CHICAGO, violated the Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.

29. As a direct result of the facts and allegations set forth above, the Plaintiff's decedent sustained severe injuries, both internally and externally, of which he subsequently died.

WHEREFORE, Plaintiffs, FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, and MARIA VALEZ, as Co-Special Administrator of the Estate of FAUSTO A. MANZERA, deceased, pray that judgment be entered in their favor and against defendant CITY OF CHICAGO, a municipal corporation, in an amount in excess of the jurisdictional amount of the Circuit Court of Cook County, Illinois, plus the costs of this lawsuit.

18

Respectfully submitted,

Attorneys for Plaintiff

Kevin J. Conway
COONEY AND CONWAY
120 N. LaSalle Street
30th Floor
Chicago, Illinois 60602
(312) 236-6166
kconway@cooneyconway.com
Firm No:  90200