**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE ANDRES CAZARES, as Special Administrator of the Estate of ANDREW CAZARES, deceased and | ) ) ) ) | |
| FAUSTO T. MANZERA, as Special Administrator of the Estate of FAUSTO A. MANZERA, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 13 C 5626 |
| v. | ) ) | Judge Virginia M. Kendall |
| JOSEPH FRUGOLI, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Andrew Cazares and Fausto A. Manzera were killed when the car they were riding in was struck by a car driven by an off-duty Chicago police officer, Joseph Frugoli. Jose Andres Cazeres and Fausto T. Manzera, as special administrators of the estates of Andrew Cazares and Fausto T. Manzera, respectively, sued the officer and the City of Chicago alleging that both violated the constitutional rights of the deceased in relation to that car accident on April 10, 2009. Specifically, in Count VIII of Cazares' Complaint and Count VI of Manzera's Complaint, the plaintiffs allege *Monell* claims under 42 U.S.C. § 1983. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2036 (1978) (local governments may be sued for constitutional deprivations caused by governmental custom). The Plaintiffs allege that the City violated their decedents' substantive due process right to bodily integrity based on the City's *de facto* policies of concealing or suppressing police officer misconduct, investigating complaints against off-duty officers differently than complaints against other citizens, failing to enforce its own rules codified in the Rules of Conduct of the

Chicago Police Department, and failing to properly monitor or supervise its officers, along with allowing for a code of silence within the Chicago Police Department that permits these practices to occur. The City moved to dismiss the *Monell* claims for lack of a constitutional deprivation. Because a plausible set of facts exists indicating a constitutional deprivation occurred, and for the reasons discussed herein, the City's motion is denied.

## BACKGROUND

This Court takes the following allegations from the Manzera Complaint[1], which the Plaintiffs originally filed in the Circuit Court of Cook County on July 12, 2013, and treats them as true for purposes of the City's motion.

April 10, 2009 Incident

On April 10, 2009, defendant Joseph Frugoli, a Chicago Police Officer, was off-duty drinking alcoholic beverages at "Dugan's on Halsted" (the "Tavern") with other off-duty officers and in the presence of on-duty officers. (Dkt. 1-1, Manzera Complaint P. 7 ¶ 4). Frugoli became intoxicated while at the Tavern. (Compl. P. 7, ¶ 5). Frugoli left the Tavern and got into his car, which he proceeded to operate while intoxicated. (Compl. P. 7, ¶ 6; P. 11 ¶ 7). Frugoli drove his car southbound on Interstate 94, where Plaintiffs' decedents were also driving. (Compl. P. 7, ¶ 8-9). Frugoli's car came into contact with and struck the decedents' stopped car on the road. (Compl. P. 7, ¶ 8; P. 8, ¶ 10). Both decedents sustained severe injuries and subsequently died. (Compl. P. 10, ¶ 21).

Previous Conduct

On January 16, 2005, Frugoli was involved in an auto accident where Chicago police investigators determined that the contributory causes were speeding and consumption of alcohol.

---

[1] Both complaints maintain the same or similar facts and use the same or similar language in the respective *Monell* claims. For purposes of this opinion, the complaints will be referred to in the singular.

(Compl. P. 11, ¶ 9). On January 21, 2008, Frugoli drove a police car into a concrete barrier. (Compl. P. 12, ¶ 10). On January 27, 2008, Frugoli was involved in an auto accident in which he failed to stop at a stop sign, struck a Chicago police car, and injured an on-duty Chicago police officer. (Compl. P. 12, ¶ 11). As with the January 16, 2005 accident, this incident was alcohol related. (Compl. P. 12, ¶ 11). According to the Plaintiffs, the City did not charge or prosecute Frugoli for the two alcohol-related violations because he was a Chicago policeman. (Compl. P. 11, ¶ 9; P. 12, ¶ 11). Furthermore, the City failed to discipline Frugoli for either of the incidents. (Compl. P. 15, ¶ 16).

## LEGAL STANDARD

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendant is liable for the harm. *Id.* The complaint should be dismissed only if the plaintiffs would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *See Visitng Nurses Ass'n of Southwestern Indiana, Inc. v. Shalala*, 213 F.3d 352, 354 (7th Cir. 2000). For purposes of this motion, this Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). In this case, the allegations in the Plaintiffs' complaint properly outline the elements of a constitutional violation by the City.

## DISCUSSION

In Count VI of the Complaint, the Plaintiffs allege that the City violated their decedents' Fourteenth Amendment substantive due process right to security in bodily integrity. *See Washington v. Glucksberg*, 521 U.S. 702, 720, (1997) (the "liberty" specially protected by the

Due Process Clause includes the right to bodily integrity); *see also Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) (the due process liberty of bodily integrity is infringed by a serious, rather than nominal, battery). In particular, the Plaintiffs contend that the *de facto* policies of the City in concealing officer misconduct, investigating complaints against off-duty officers differently than complaints against other citizens, failing to enforce its own rules, failing to properly monitor its police officers, and maintaining a custom of a "code of silence" regarding officer misconduct internally deprived the decedents of their right to bodily integrity. *See Monell*, 436 U.S. at 692 (municipality cannot be held liable *solely* because it employs a tortfeasor, plaintiff must identify municipal "policy" or "custom" that caused plaintiff's injury).

Therefore, the Plaintiffs' *Monell* claim asserts that the City's *de facto* policies were the moving force behind the deprivation of the decedents' substantive due process right to be secure in their bodily integrity. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged.); *see also Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 306 (7th Cir. 2009) ("the premise behind a § 1983 action against a government body is 'the allegation that official policy is *responsible* for the deprivation of rights.'") (emphasis in original). The fact that Frugoli was off duty does not cripple the Plaintiffs' complaint because the allegation is that the City policy itself caused the deprivation of bodily integrity. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1519-20 (7th Cir. 1990) (where the City policy itself causes the injury, the municipality becomes the state actor and its action in maintaining the alleged policy at issue supplies the "color of law" requirement under § 1983).

To establish liability against the City under *Monell*, the Plaintiffs must show that: (1) they suffered a deprivation of a federal right; (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker; which (3) was the proximate cause of their injury. *See Ovadal v. City of Madison, Wisconsin*, 416 F.3d 531, 535 (7th Cir. 2005); *see also Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002). The City argues that the Plaintiffs fail to satisfy the first requirement of *Monell* by couching their state claim against Frugoli, individually, in negligence. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849, (1998) (liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process); *see also Daniels v. Williams*, 474 U.S. 327, 328, (1986) (Due Process Clause is not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property). Without a constitutional violation committed by Frugoli, the City contends it cannot be held liable under § 1983. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, (1986). The City, however, misinterprets the Plaintiffs' *Monell* claim and its motion to dismiss is denied.

**A. Deprivation of Federal Right**

Although the Plaintiffs base their state claim against Frugoli on negligence, the allegations in the *Monell* Count do not involve negligence. The *Monell* allegations describe the City's conduct in (1) concealing officer misconduct; (2) improperly investigating complaints against off-duty officers; (3) failing to enforce its own rules; (4) failing to monitor its officers; and (5) creating an environment of a "code of silence" regarding officer misconduct, all of which cumulatively led to the loss of bodily integrity suffered by the Plaintiffs' decedents. The fact that the Plaintiffs use a negligence standard in their claim against Frugoli individually does not doom their *Monell* claim. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 597 (7th Cir. 2012)

(Pursuant to Fed.R.Civ.P 8(d)(3), "a party may state as many separate claims or defenses as it has, regardless of consistency. What's more, [a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (pleading rules permit inconsistencies in legal theories). Accordingly, the Court assesses the statements made under each claim distinctly in making its determination. The Plaintiffs' *Monell* claim need only plausibly suggest that they have a right to relief, *see E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), and this burden has been satisfied by pleading that Frugoli's intoxicated operation of a vehicle and subsequent automobile crash with the decedents was caused by the City's *de facto* policies.

Despite the Plaintiff's state claim alleging negligence of Frugoli's activity, no culpability level is mentioned in the *Monell* claim. This does not preclude the Court from recognizing that driving under the influence of alcohol involves an inference of recklessness. *See United States v. Rutherford*, 54 F.3d 370, 376 (7th Cir. 1995) (*abrogated on other grounds by Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008) ("Drunk driving is a reckless act, perhaps an act of gross recklessness. Any drunk driver who takes to the road should know he runs a risk of injuring another person....Driving under the influence vastly increases the probability that the driver will injure someone in an accident."); *see also Begay*, 553 U.S. at 141 (DUI involves conduct that presents a serious potential risk of physical injury to another and is extremely dangerous); *United States v. O'Brien*, 238 F.3d 822, 825 (7th Cir. 2001) (homicide resulting from driving while under the influence of alcohol should be treated as reckless); *Bazan-Reyes v. I.N.S.*, 256 F.3d 600, 609 (risk of injury from drunk driving is neither conjectural nor

speculative). The Plaintiffs' *Monell* claim therefore puts forward a plausible allegation that Frugoli, individually, was reckless in operating a motor vehicle while intoxicated and the City's *de facto* policies allowed this behavior by concealing officer misconduct in the past. In fact, had Frugoli been treated like other citizens who have been convicted of drunk driving in Illinois, he would not have been permitted to drive. *See* 625 ILCS 5/11-501.1. Reckless behavior by a state official may create liability for a constitutional violation under § 1983. *See Lewis*, 523 U.S. at 849 ("Whether the point of conscience shocking is reached when injuries are produced with culpability within the middle range, following from something more than negligence but 'less than intentional conduct, such as recklessness or gross negligence,' is a matter for closer calls.") (*citing Daniels*, 474 U.S. at 331).

Moreover, even if Frugoli's drunk driving was deemed negligent, and not reckless, the Plaintiffs are not challenging the individual activity in their *Monell* claim, but rather the City's policies that allowed it to occur. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436, 102 S. Ct. 1148 (1982) (Section 1983 liability rises when "the state system itself" causes a constitutional deprivation "through negligence, maliciousness, or otherwise"). The Plaintiffs' theory of municipal liability based on the alleged policies of concealing officer misconduct and failing to discipline officers for misconduct is not dependent on Frugoli violating their constitutional rights. *See Thomas*, 604 F.3d at 304-05 (city's policies can harm plaintiff even if officer not individually culpable).

Because the rules of due process are not "subject to mechanical application in unfamiliar territory," conscience shocking behavior in one context may not be patently egregious in another. *Lewis*, 523 U.S. at 850. The unfamiliar territory in this case involves whether City policies infused a sense of omnipotence in Frugoli such that he felt he could operate a vehicle under the

influence of alcohol with no official repercussions. This determination requires factual discovery and because the Plaintiffs have sufficiently alleged the plausibility of a constitutional violation by the City, dismissing the *Monell* claim at this stage would be inappropriate and the City's motion is therefore denied.

### B. Widespread Custom, Policy, or Procedure

Under the second requirement, the Plaintiffs must establish that their constitutional injury was caused by (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well-settled; or (3) an official with final policy-making authority. *Monell*, 436 U.S. at 690; *see also Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674 (7th Cir. 2009). The Plaintiffs bring their claim under the second option by alleging facts creating the inference that the City has well-settled, widespread policies of (1) concealing officer misconduct; (2) investigating complaints against off-duty officers differently from complaints against other citizens; (3) failing to enforce its own rules; (4) failing to monitor its officers; and (5) creating an environment of a "code of silence" regarding officer misconduct. More than mere allegations are necessary, however. To demonstrate that the City is liable for these harmful policies, the Plaintiffs must show that the City was "deliberately indifferent as to [the] known or obvious consequences." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). The Plaintiffs must show that the City was aware of the risk created by the policies and failed to take appropriate steps to prevent that risk. *See Id.*

In support of their allegations, the Plaintiffs assert that on two separate occasions prior to April 10, 2009, Frugoli was involved in automobile accidents where he was intoxicated. Specifically, the Plaintiffs claim that on (1) January 16, 2005, Frugoli struck a motor vehicle from behind where Chicago police investigators determined that alcohol consumption was a

contributing cause to the accident and (2) January 27, 2008, he failed to stop at a stop sign, struck a Chicago police car, and injured an on-duty Chicago police officer while intoxicated. Furthermore, the Plaintiffs allege that the City failed to discipline, suspend, or terminate Frugoli from his employment as a police officer or to revoke his driving privileges after either of these incidents even though it had actual notice of Frugoli's conduct. On April 20, 2009, Plaintiffs allege that once again Frugoli was drinking, even in the presence of on-duty officers, who failed to stop him from driving.

By pleading specific accounts of incidents in which the City failed to take any action whatsoever after learning that one of its police officers had been involved in automobile accidents involving intoxication, and accepting these allegations as true and drawing all reasonable inferences in the Plaintiffs' favor, the Plaintiffs have sufficiently pled that the alleged *de facto* policies caused the decedents' substantive due process injury. Ultimately, the evidence will determine whether a widespread policy of concealing officer misconduct and failing to discipline officers for misconduct exists, but at this stage, the Plaintiffs have met their pleading burden.

**C. Proximate Cause**

Finally, the Plaintiffs must plead that the City's *de facto* policies were the "moving force" behind their constitutional injury, *See Bryan County*, 520 U.S. at 407-08, meaning they must set forth allegations creating a plausible link between the polices and the deprivation of the decedents' right to bodily integrity. *See Thomas*, 604 F.3d at 306. Construing the facts and all reasonable inferences in the Plaintiffs' favor, they have sufficiently pled this requirement of their *Monell* claim. Specifically, the Plaintiffs alleged that on two separate occasions, Frugoli was not disciplined for driving under the influence of alcohol and being involved in an automobile

accident, even after the City had actual knowledge of this behavior. These allegations sufficiently lead to a plausible inference that based on Frugoli's conduct, he was acting with impunity and in a manner in which he thought he was impervious to the consequences of his misconduct. By failing to revoke Frugoli's driving privileges or discipline, suspend, or terminate his employment, it is entirely plausible that the City created the highly predictable risk that Frugoli would drive while intoxicated again and injure the public. *See Gable*, 296 F.3d at 537. Because the allegations, taken in the light most favorable to the Plaintiffs, provide an implication that the City's policies instilled an attitude of invincibility among Chicago police officers that they will not be disciplined or charged if they drive while intoxicated, the Plaintiffs have stated a claim upon which relief can be granted.

## CONCLUSION

Because the Complaint sufficiently alleged the plausibility of a constitutional injury and for the reasons explained above, the City's motion to dismiss the *Monell* claim is denied.

Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 11, 2014