**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE ANDRES CAZARES, as Special | ) | |
| Administrator of the Estate of | ) | |
| ANDREW CAZARES, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 13-cv-05626 |
| v. | ) | |
| | ) | Honorable Judge Kendall |
| JOSEPH FRUGOLI, JOHN R. MORAN, | ) | |
| PRIMERO, INC., an Illinois | ) | |
| Corporation, METROPOLITAN BANK | ) | |
| LAND TRUST 1463, and CITY OF | ) | |
| CHICAGO, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| FAUSTO T. MANZERA, as Special | ) | |
| Administrator of the Estate of | ) | |
| FAUSTO A. MANZERA, deceased, and | ) | |
| MARIA VALEZ, as Co-Special | ) | |
| Administrator of the Estate of FAUSTO A. | ) | |
| MANZERA, deceased. | ) | |
| | ) | |
| Plaintiff, | ) | No.: 13-cv-05626 |
| v. | ) | |
| | ) | Honorable Judge Kendall |
| JOSEPH FRUGOLI, JOHN R. MORAN, | ) | |
| PRIMERO, INC., an Illinois | ) | |
| Corporation, METROPOLITAN BANK | ) | |
| LAND TRUST 1463, and CITY OF | ) | |
| CHICAGO, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ADDITIONAL PROPOSED JURY
INSTRUCTIONS**

Defendant, City of Chicago ("City"), by its attorney, Terrence M. Burns of Dykema

Gossett, PLLC, submits the following additional proposed jury instructions:

**CITY'S PROPOSED INSTRUCTION NO. 1: POLICY AND PRACTICE CLAIM**

If you find that Plaintiffs has proved a constitutional violation by a preponderance of the evidence, you must consider whether the City of Chicago is also liable to Plaintiffs. The City of Chicago is not responsible simply because it employed Defendant Frugoli.

To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. That Defendant Frugoli, while acting under color of law,[1] deprived Plaintiffs' decedents of their Fourteenth Amendment substantive due process right to bodily integrity;

2. At the time, the City of Chicago had an official policy of a code of silence that protects officers who are involved in alcohol-related incidents. The term policy means a custom that is persistent and widespread, so that it is the City of Chicago's standard operating procedure. A persistent and widespread pattern may be a custom even if the City of Chicago has not formally approved it, so long as Plaintiffs prove the Chicago City Council knew of the pattern and allowed it to continue.

3. That policy as described in paragraph 2 was the moving force of Defendant Frugoli driving while intoxicated and killing the Plaintiffs' decedents, depriving Plaintiffs of their Fourteenth Amendment substantive due process right to bodily integrity.

If you find that a Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for that Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that a Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the City, and you will not consider the question of damages as to that Plaintiff.

**Defendant City's Proposed Instruction No. 1**
Source: 7th Cir. Pattern Instruction 7.24 (as revised August 2017) (modified); *Latuszkin v. City of Chicago*, 250 F.3d 502 (7th Cir. 2001). The City has modified the pattern instruction to include the "color of law" element.

---

[1] The City recognizes that the inclusion of this element conflicts with the Court's prior rulings on the issue, but maintains that it is consistent with the law under *Monell* and includes it in order to preserve and not waive the City's position. If the Court were inclined to instruct the jury on color of law, the City would proffer the pattern color of law instruction, although, of course, Plaintiffs concede Defendant Frugoli was not acting under color of law.

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**CITY'S ALTERNATE PROPOSED INSTRUCTION NO. 1: POLICY AND PRACTICE CLAIM**

In Count II, you must consider whether the City of Chicago is also liable to Plaintiffs. The City of Chicago is not responsible simply because it employed Defendant Frugoli.

To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. That Defendant Frugoli, while acting under color of law,[2] deprived Plaintiffs' decedents of their Fourteenth Amendment substantive due process right to bodily integrity;

2. At the time, the City of Chicago had an official policy of a code of silence that protects officers who are involved in alcohol-related incidents. The term policy means a custom that is persistent and widespread, so that it is the City of Chicago's standard operating procedure. A persistent and widespread pattern may be a custom even if the City of Chicago has not formally approved it, so long as Plaintiffs prove the Chicago City Council knew of the pattern and allowed it to continue.

3. That policy as described in paragraph 2 was the moving force of Defendant Frugoli driving while intoxicated and killing the Plaintiffs' decedents, depriving Plaintiffs of their Fourteenth Amendment substantive due process right to bodily integrity.

If you find that a Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for that Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that a Plaintiff did not prove any one of these things by a preponderance of the evidence, then you should find for the City, and you will not consider the question of damages as to that Plaintiff.

**Defendant City's Proposed Instruction No. 1**
Source: 7th Cir. Pattern Instruction 7.24 (as revised August 2017) (modified); *Latuszkin v. City of Chicago*, 250 F.3d 502 (7th Cir. 2001). The City has modified the pattern instruction to include the "color of law" element.

---

[2] The City recognizes that the inclusion of this element conflicts with the Court's prior rulings on the issue, but maintains that it is consistent with the law under *Monell* and includes it in order to preserve and not waive the City's position. If the Court were inclined to instruct the jury on color of law, the City would proffer the pattern color of law instruction, although, of course, Plaintiffs concede Defendant Frugoli was not acting under color of law.

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**CITY'S PROPOSED INSTRUCTION NO. 2: NO VICARIOUS LIABILITY**

Under federal law, Defendant City of Chicago is liable to Plaintiffs on their Fourteenth

Amendment due process claim only for deliberate action attributable to the municipality itself.

The City of Chicago is not responsible simply because it employed Defendant Frugoli at the time

that Defendant Frugoli allegedly violated plaintiff's due process rights.

**Defendant City's Proposed Instruction No. 2**
Source: 7th Cir. Pattern Instruction 7.19 (modified); *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397 (1997); *Connick v. Thompson*, 131 S.Ct. 1350, 1350 (2011) (local governments are not vicariously liable for their employee's actions).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**CITY'S PROPOSED INSTRUCTION NO. 3: OFFICIAL PRACTICE**

In order to recover against Defendant City of Chicago on their due process claim, Plaintiffs must show their constitutional injuries were the result of an official practice of the City of Chicago of inadequate investigation and/or discipline and/or of a police code of silence.

An official practice is a common practice that is so widespread, permanent, and well-settled that it constitutes a custom or usage with the force of law even though it is not authorized by written law or express policy.

**Defendant City's Proposed Instruction No. 3**
Source: 7th Cir. Pattern Instruction 7.20 (modified); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978); *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397 (1997); *Lawrence v. Kenosha County*, 391 F.3d 837, 844 (7th Cir. 2002).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**CITY'S PROPOSED INSTRUCTION NO. 4: DELIBERATE INDIFFERENCE**

To prove that the policy-making authority of the City of Chicago was deliberately indifferent, Plaintiffs must establish that the Chicago Police Superintendent (1) actually knew or should have known that an allegedly deficient municipal practice or custom existed; and (2) approved of such a practice.

You may not conclude that the Chicago Police Superintendent was deliberately indifferent if he was merely careless in failing to discover the truth. Deliberate indifference is more than negligence. Failing to eliminate a practice cannot be equated with approving it. It requires a deliberate or conscious choice to turn a "blind eye" to the defective practice. If the City took reasonable measures to respond to a risk, then it was not deliberately indifferent, even if Plaintiffs were ultimately harmed.

**Defendant City's Proposed Instruction No. 4**
Source: 7th Circuit Pattern Instruction 7.14 (modified); *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 407 (1997) (plaintiff must show that "municipal action was taken with 'deliberate indifference' as to its known or obvious consequences …. A showing of simple or even heightened negligence will not suffice."); *accord Connick v. Thompson*, 131 S.Ct. 1350, 1359-60 (2011) (city policymakers must have actual or constructive notice that a practice causes city employees to violate citizens' rights); *Frake v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000); *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident."); *Wilson v. City of Chicago*, 6 F.3d 1233, 1240 (7th Cir. 1993); *Vodak v. City of Chicago*, 639 F.3d 738, 748 (7th Cir. 2011) (Police superintendent can be the official policy maker for the Chicago Police Department and City of Chicago).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**CITY'S PROPOSED INSTRUCTION NO. 5: MOVING FORCE**

A widespread practice of the City of Chicago caused the violation of Plaintiffs' due process rights if this practice was the "moving force" behind his alleged constitutional injuries. A mere probability that this practice caused the violation of Plaintiffs' due process rights is insufficient. Rather, Plaintiffs must show that the policy or practice was a direct cause of the constitutional violation.

**Defendant City's Proposed Instruction No. 5**
Source: *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 407-408 (1997) (*citing City of Canton v. Harris*, 489 U.S. 378, 390-91) (1989)).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**CITY'S PROPOSED INSTRUCTION NO. 6: COLOR OF LAW**

Acting "under color of law" means that a person uses or misuses authority that he has because of his official position. The mere fact that an individual is a police officer does not render all of his action under color of state law.

The essential question is whether the police officer's specific actions relate in some way to the performance of a police duty. Acts of officers in the ambit of their personal pursuits are excluded.


**Defendant City's Proposed Instruction No. 6**
Source: *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 407-408 (1997) (*citing City of Canton v. Harris*, 489 U.S. 378, 390-91) (1989)).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

## <u>VERDICT FORM</u>   I

We, the jury, find as follows:

### Plaintiffs' Claim

II.     On Plaintiffs' claim that they were injured and suffered damages for the negligent conduct of Defendant Joseph Frugoli in driving while intoxicated when he drove into Plaintiffs' car on April 10, 2009:

        _____ for Plaintiffs Fausto Manzera and Jose Cazares


        _____ for Defendant Joseph Frugoli

**Damages**

Complete the following if you have found in favor of the Plaintiffs and against the Defendant Joseph Frugoli on the above claim.  If you have not found in favor of the Plaintiffs for the above claim, you do not need to consider damages.

We, the jury, award Plaintiff Fausto Manzera the following amount of damages:

$_____

We, the jury, award Plaintiff Jose Cazares the following amount of damages:

$_____

_____          _____
Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

**<u>VERDICT FORM</u>    II**

We, the jury, find as follows:

## Plaintiffs' Claim

I.   On Plaintiffs' claim that Defendant City of Chicago had an official policy of a code of silence that protects officers who are involved in alcohol-related incidents that was the moving force behind Defendant Joseph Frugoli's conduct in driving while intoxicated when he drove into Plaintiffs' car on April 10, 2009:

_____ for Plaintiffs Fausto Manzera and Jose Cazares


_____ for Defendant City of Chicago

**Damages**

     Complete the following if you have found in favor of the Plaintiffs and against the Defendant City of Chicago on the above claim. If you have not found in favor of the Plaintiffs for the above claim, you do not need to consider damages.

We, the jury, award Plaintiff Fausto Manzera the following amount of damages:

$_____

We, the jury, award Plaintiff Jose Cazares the following amount of damages:

$_____

_____          _____
Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

14

Respectfully submitted,


By: s/ Katherine C. Morrison
One of the Attorneys for Defendant,
CITY OF CHICAGO

Terrence M. Burns
Harry N. Arger
Katherine C. Morrison
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700 (telephone)
(312) 627-2302 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2017, I electronically filed the foregoing **Defendant City of Chicago's additional proposed jury instructions** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day and was served upon all counsel of record via the Court's CM/ECF system.

By: <u>s/ Katherine C. Morrison</u>